## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**MARK SZITTAI,**

     **Plaintiff,**                                   **CASE NO.: 2:20-cv-00548**

**vs.**

**CENTURYTEL SERVICE GROUP, LLC,**

     **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL
### INJUNCTIVE RELIEF SOUGHT

     Plaintiff, **MARK SZITTAI** ("**SZITTAI**"), by and through his undersigned attorney, sues the Defendant, **CENTURYTEL SERVICE GROUP, LLC**, and as grounds therefore states as follows:

### INTRODUCTORY STATEMENT

     1.     This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act (ADEA), and the Florida Civil Rights Act of 1992 (FCRA) for (1) gender discrimination in violation of Title VII, (2) gender discrimination in violation of the FCRA, (3) age discrimination in violation of the ADEA, (4) age discrimination in violation of the FCRA, (5) retaliation in violation of Title VII, and (6) retaliation in violation of the FCRA.

### JURISDICTION AND VENUE

     2.     Jurisdiction is invoked pursuant to 28 U.S.C. §1331.

     3.     This Court has supplemental jurisdiction over **SZITTAI**'s Florida Statutory Claims pursuant to 28 U.S.C. §1367.

4.     All acts and transactions that are the subject matter of this suit occurred within the jurisdiction of the Fort Myers Division of the United States District Court for the Middle District of Florida.

5.     **SZITTAI** has performed all conditions precedent necessary to the maintenance of this action or such conditions have been waived, including the timely filing of a Charge of Discrimination with the Florida Commission on Human Relations (FCHR). The FCHR issued a Determination: Reasonable Cause on May 6, 2020, attached as Exhibit A.

## PARTIES

6.     **SZITTAI** is a resident of Collier County, over the age of eighteen (18), and is otherwise *sui juris* in all respects.

7.     Defendant, **CENTURYTEL SERVICE GROUP, LLC,** ("Defendant") is a foreign limited liability company with a principal place of business at 100 CenturyLink Drive, Monroe, Louisiana 71203, and is a wholly-owned subsidiary of CenturyLink, Inc.

## GENERAL ALLEGATIONS

8.     **SZITTAI** is a sixty-one (61) year-old male.

9.     **SZITTAI** began working for Defendant on or about September 16, 2009 as a Senior Account Manager, Builder Development Programs (BDP)/Multiple Dwelling Units (MDU).

10.     **SZITTAI** was one of several of approximately 10 Senior Account managers who reported directly to Monya Mitchell ("Mitchell"), who in turn reported to Dan O'Connell ("O'Connell").

11.     As such, **SZITTAI** and other employees in this role worked in a defined geographic territory to build Defendant's CenturyLink market position within a specific vertical customer segment of Multiple Dwelling Units (MDU) and Builder/Developer Programs (BDP).

12.     **SZITTAI** and his peers were responsible for strategic selling to new customers and renewing relationships with existing customers who directly own and or control a property (such as apartments, condos, assisted living, etc.).

13.     From approximately October 2018 through April 2019, Defendant and Mitchell violated company policies and discriminated against **SZITTAI** by, among other actions, awarding leads and existing customer accounts to Julie Kiefer ("Keifer") instead of **SZITTAI**.

14.     In particular, prior to the hiring of Keifer, **SZITTAI** and Senior Account Manager Mark Chard ("Chard") had split the market territory evenly, with **SZITTAI** handling the section south of Daniels Parkway in Lee County and Chard handling the section north of Daniels Parkway.

15.     Mitchell hired Keifer as a Senior Account Manager Builder Development Programs (BDP)/Multiple Dwelling Units (MDU) in **SZITTAI's** market territory in approximately September or October of 2018.

16.     Keifer is female and substantially younger than **SZITTAI**.

17.     Keifer had little to no prior experience selling Defendant's product in the MDU space compared with **SZITTAI** and Chard.

18.     In particular, Keifer handled a different segment of the customer market, namely existing Fiber-to-the-Premises (FTTP) communities without existing contracts with Defendant and/or communities with existing contracts with Defendant that had internet speed of at least 40 Mbps for all homes or units.

19.     In contrast, **SZITTAI** and Chard handled new communities under construction and/or existing communities with old DSL/copper infrastructure that would require a FTTP overbuild for a bulk contract or a marketing agreement solution option.

20.     Within 30-45 days of Keifer's presence in the market, **SZITTAI** and Chard observed a significant drop in the number of new leads they were receiving compared to prior years.

21.     Upon further investigation, **SZITTAI** realized that many of the new leads were given to Keifer by Mitchell.   In other instances, Keifer called on properties outside of her designated "swim lane," but in **SZITTAI's** swim lane in violation of Defendant's policy and practice.  For example,

    a.  As a Senior Account Manager with 9 years of experience in the market, **SZITTAI** reached out to help Keifer with the transition into her new sales role with Defendant.   During one of the training/question and answer sessions, Keifer asked for help on an opportunity she was working on called Vasari Country Club with over 600 existing homes.  **SZITTAI** then became aware the property was a Fiber-to-the-Curb (FTTC) community in which there was very slow internet capacity 5-10 Mbps for each home.  This opportunity was clearly out of Keifer's area of responsibility and was an example of the type of lead **SZITTAI** and Chard should have received.  **SZITTAI** then contacted Mitchell to request that the account be reassigned to him.  Mitchell refused, depriving **SZITTAI** of a rare commission opportunity in excess of $25,000.00.

    b.  Kingsport Club in Naples was a bulk sale executed by **SZITTAI** in August 2014. The board member with whom **SZITTAI** had worked to execute the original sale contacted **SZITTAI** in approximately April 2018 about a renewal agreement.  The board member had misread the end date of the original agreement and agreed to touch base again with **SZITTAI** in about 8-10 months to execute the renewal agreement.  Kingsport Club was a happy customer and

the renewal was a mere formality.  The board member reached out to **SZITTAI** again in late 2018 or early 2019 and was upset that Keifer had contacted him on the renewal and that his renewal options were now much different than he had expected.  **SZITTAI** questioned Mitchell and objected to Keifer handling his renewal with no experience in bulk sales or renewals.  Nonetheless, Mitchell refused return the account to **SZITTAI** in violation of company policy and practice.

c.   There are multiple other incidents of Defendant and Mitchell granting or reassigning to Keifer leads and accounts that belonged to **SZITTAI**.  These events occurred over a year ago and without access to records, including but not limited to **SZITTAI's** sales force database, emails, IM's and customer files, **SZITTAI** is unable to identify all such instances.

22.    When **SZITTAI** or Chard presented these violations of company policy and practice to Mitchell, Mitchell nonetheless consistently awarded the new leads and/or existing accounts to Keifer in violation of the policy and practice that Defendant, Mitchell, **SZITTAI** and Chard had established and agreed to follow.

23.    When **SZITTAI** complained about discriminatory conduct to Mitchell, Mitchell refused to change her decisions and actions and became hostile towards **SZITTAI**.

24.    Mitchell placed **SZITTAI** on a Performance Improvement Plan (PIP) on or about March 26, 2019 for lack of sales in January, February and March 2019.

25.    However, the PIP was not warranted, as Defendant's granting leads and assigning accounts to Keifer, which should have been granted or assigned to **SZITTAI,** caused any alleged lack of sales by **SZITTAI**.

5

26.     In addition, per Mitchell's request to assist the Eastern Region in meeting its 2018 quota, **SZITTAI** submitted sales in November and December 2018 that were on schedule to close in early 2019, which would have resulted **SZITTAI** having significant sales in the first quarter of 2019.

27.     It was not uncommon for **SZITTAI** to go a quarter without any sales in the MDU segment.  **SZITTAI** had never previously been placed on a PIP for failing to meet any sales objectives and was expected to exceed his annual quota for 2019, and historically he was ranked at the top for sales in the Eastern Region for his entire 9-year period of employment.

28.     Mitchell subsequently commenced a formal investigation regarding **SZITTAI's** conduct, falsely accusing **SZITTAI** of purposely using derogatory language against Keifer in a text while replying to a customer of **SZITTAI's** with whom **SZITTAI** had been working for more than a year, who had asked **SZITTAI** who Keifer was and why was she contacting a customer of **SZITTAI's**.

29.     On April 30, 2019 Defendant terminated **SZITTAI's** employment.

30.     Defendant replaced **SZITTAI** with an individual who is significantly younger than **SZITTAI**.

31.     Plaintiff has retained the undersigned counsel to prosecute this action and to protect his rights, and is obligated to pay undersigned counsel reasonable attorney's fees.

## COUNT I
### [Gender Discrimination-Title VII]

32.     **SZITTAI** realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33.     This is an action against Defendant for gender discrimination brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

34.    At all relevant times Defendant was an employer and a covered entity under Title VII and subject to its provisions.

35.    At all relevant times **SZITTAI** was an employee under Title VII.

36.    SZITTAI has endured gender-based disparate treatment while employed with Defendant, thereby altering the terms and conditions of employment.

37.    Defendant's conduct and omissions constitute intentional discrimination against **SZITTAI** on the basis of his gender violation of 42 U.S.C. §2000e *et seq.*

38.    Defendant is liable for the differential treatment against **SZITTAI** because it controlled the actions and inactions of the persons making decisions affecting **SZITTAI**.

39.    As a direct and proximate result of Defendant's conduct described above, **SZITTAI** has suffered compensatory damages, emotional distress, mental pain and suffering, inconvenience, outrage, embarrassment, humiliation, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.

40.    Because Defendant acted with malice and with reckless disregard for **SZITTAI'S** federally protected rights, **SZITTAI** is entitled to punitive damages.

**WHEREFORE,** Plaintiff demands trial by jury, and requests this Court to:

a.    Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII;

b.    Issue an order prohibiting further discrimination;

c.    Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in 42 U.S.C. 2000e-5 and 42 U.S.C. 1981a;

d.    Award Plaintiff all compensatory and punitive damages provided for in 42 U.S.C. 1981a and applicable statutes;

e.      Award Plaintiff his costs, attorney's fees and such other and further relief as the Court deems proper; and

f.      Grant Plaintiff trial by jury.

<u>COUNT II</u>
**[Gender Discrimination-FCRA]**

41.    **SZITTAI** realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint as though fully set forth herein.

42.    This is an action against Defendant for gender discrimination brought under the FCRA, §760.01 *et seq. Fla. Stat.*

43.    At all relevant times Defendant was an employer and a covered entity under the FCRA and subject to its provisions.

44.    At all relevant times **SZITTAI** was an employee under the FCRA.

45.    **SZITTAI** has endured gender-based disparate treatment while employed with Defendant, thereby altering the terms and conditions of employment.

46.    Defendant's conduct and omissions constitute intentional discrimination against **SZITTAI** on the basis of his gender violation of the FCRA.

47.    Defendant is liable for the differential treatment against **SZITTAI** because it controlled the actions and inactions of the persons making decisions affecting **SZITTAI**.

48.    As a direct and proximate result of Defendant's conduct described above, **SZITTAI** has suffered compensatory damages, emotional distress, mental pain and suffering, inconvenience, outrage, embarrassment, humiliation, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.

49.    Because Defendant acted with malice and with reckless disregard for **SZITTAI'S** state protected rights, **SZITTAI** is entitled to punitive damages.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

    a.  Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the Florida Civil Rights Act of 1992;

    b.  Issue an order prohibiting further discrimination;

    c.  Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in *Fla. Stat.* §760.11; and

    d.  Award Plaintiff all compensatory and punitive damages provided for in *Fla. Stat.* §760.11;

    e.  Award Plaintiff his costs, attorneys' fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper; and

    f.  Grant Plaintiff trial by jury.

## COUNT III
### [Age Discrimination-ADEA]

50.    **SZITTAI** realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint as though fully set forth herein.

51.    This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of **SZITTAI** for violations of his rights under the ADEA, to include the remedies in 29 U.S.C. §621 *et seq.*

52.    At all relevant times Defendant was an employer and a covered entity under the ADEA subject to its provisions.

53.    At all relevant times **SZITTAI** was an employee under the ADEA.

54.    Because of **SZITTAI's** age, he suffered adverse employment actions leading up to and consisting of the termination of his employment.

55.    **SZITTAI** is protected against discrimination under the ADEA.

56.    **SZITTAI** has been damaged as a direct and proximate result of Defendant's illegal employment practices.

57.     Defendant is liable for the differential treatment and discrimination against **SZITTAI** because it controlled the actions and inactions of the persons making decisions affecting **SZITTAI**.

58.     Because Defendant acted with malice and with reckless disregard for **SZITTAI'S** federally state protected rights, **SZITTAI** is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

    a.  Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADEA;

    b.  Issue an order prohibiting further discrimination;

    c.  Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADEA;

    d.  Award Plaintiff all compensatory and liquidated damages provided for in the ADEA;

    e.  Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper; and

    f.  Grant Plaintiff trial by jury.

## COUNT IV
### [Age Discrimination-Florida Civil Rights Act]

59.     **SZITTAI** realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint as though fully set forth herein.

60.     This is an action against Defendant for discrimination based upon age brought under the FCRA, §760.01 *et seq. Fla. Stat.*

61.     At all relevant times Defendant was an employer and a covered entity under the FCRA subject to its provisions.

62.     At all relevant times **SZITTAI** was an employee under the FCRA.

63.     Because of **SZITTAI's** age, he suffered adverse employment actions leading up to and consisting of the termination of his employment.

64.     **SZITTAI** is protected against discrimination under the FCRA.

65.     Defendant is liable for the differential treatment and discrimination against **SZITTAI** because it controlled the actions and inactions of the persons making decisions affecting **SZITTAI**.

66.     As a direct and proximate result of Defendant's conduct described above, **SZITTAI** has suffered compensatory damages, emotional distress, mental pain and suffering, inconvenience, outrage, embarrassment, humiliation, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.

67.     Because Defendant acted with malice and with reckless disregard for **SZITTAI'S** state protected rights, **SZITTAI** is entitled to punitive damages.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant have unlawfully discriminated against Plaintiff in violation of the Florida Civil Rights Act of 1992;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in *Fla. Stat.* §760.11;

d. Award Plaintiff all compensatory and punitive damages provided for in *Fla. Stat.* §760.11;

e. Award Plaintiff his costs, attorneys' fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper; and

f. Grant Plaintiff trial by jury.

<u>**COUNT V**</u>
**[Retaliation-Title VII]**

68.     **SZITTAI** realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint as though fully set forth herein.

69.     This is an action against Defendant for retaliation based upon gender brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

70.     At all relevant times Defendant was an employer and a covered entity under Title VII and subject to its provisions.

71.     At all relevant times **SZITTAI** was an employee under Title VII.

72.     **SZITTAI** engaged in protected activity when he complained about gender-based discrimination.

73.     The actions complained of by **SZITTAI** affected the terms, conditions, or privileges of his employment.

74.     Defendant's conduct and omissions constitute intentional retaliation against **SZITTAI** for his protected objection gender discrimination in violation of 42 U.S.C. §2000e *et seq.*

75.     Defendant is liable for the differential treatment and retaliation against **SZITTAI** because it controlled the actions and inactions of the persons making decisions affecting **SZITTAI**.

76.     As a direct and proximate result of Defendant's conduct described above, **SZITTAI** has suffered compensatory damages, emotional distress, mental pain and suffering, inconvenience, outrage, embarrassment, humiliation, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.

77.     Because Defendant acted with malice and with reckless disregard for **SZITTAI's** federally protected rights, **SZITTAI** is entitled to punitive damages.

**WHEREFORE,** Plaintiff demands trial by jury, and requests this Court to:

    a.  Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII;

    b.  Issue an order prohibiting further discrimination;

    c.  Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in 42 U.S.C. 2000e-5 and 42 U.S.C. 1981a;

    d.  Award Plaintiff all compensatory and punitive damages provided for in 42 U.S.C. 1981a and applicable statutes;

    e.  Award Plaintiff his costs, attorney's fees and such other and further relief as the Court deems proper; and

    f.  Grant Plaintiff trial by jury.

## COUNT VI
### [Retaliation-ADEA]

78.    **SZITTAI** realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint as though fully set forth herein.

79.    This is an action against Defendant for retaliation based upon age brought under the ADEA.

80.    At all relevant times Defendant was an employer and a covered entity under the ADEA and subject to its provisions.

81.    At all relevant times **SZITTAI** was an employee under the ADEA.

82.    **SZITTAI** engaged in protected activity when he complained about age-based discrimination.

83.    The actions complained of by **SZITTAI** affected the terms, conditions, or privileges of his employment.

84.    Defendant's conduct and omissions constitute intentional retaliation against **SZITTAI** for his protected objection to age discrimination in violation of the ADEA.

85.     Defendant is liable for the differential treatment and retaliation against **SZITTAI** because it controlled the actions and inactions of the persons making decisions affecting **SZITTAI**.

86.     Because Defendant acted with malice and with reckless disregard for **SZITTAI's** federally protected rights, **SZITTAI** is entitled to liquidated damages.

**WHEREFORE,** Plaintiff demands trial by jury, and requests this Court to:

a.  Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADEA;

b.  Issue an order prohibiting further discrimination;

c.  Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADEA;

d.  Award Plaintiff all compensatory and liquidated damages provided for in the ADEA;

e.  Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper; and

f.  Grant Plaintiff trial by jury.

### COUNT VII
### [Retaliation-FCRA]

87.     **SZITTAI** realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint as though fully set forth herein.

88.     This is an action against Defendant for retaliation based upon gender brought under the FCRA, §760.01 *et seq. Fla. Stat.*

89.     At all relevant times Defendant was an employer and a covered entity under the FCRA subject to its provisions.

90.     At all relevant times **SZITTAI** was an employee under the FCRA.

91.     **SZITTAI** engaged in protected activity when he complained about gender-based discrimination.

92.     The actions complained of by **SZITTAI** affected terms, conditions, or privileges of his employment.

93.     Defendant's conduct and omissions constitute intentional retaliation against **SZITTAI** for his protected objection to gender discrimination in violation of §760.01 *et seq. Fla. Stat.*

94.     Defendant is liable for the differential treatment and retaliation against **SZITTAI** because it controlled the actions and inactions of the persons making decisions affecting **SZITTAI**.

95.     As a direct and proximate result of Defendant's conduct described above, **SZITTAI** has suffered compensatory damages, emotional distress, mental pain and suffering, inconvenience, outrage, embarrassment, humiliation, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.

96.     Because Defendant acted with malice and with reckless disregard for **SZITTAI's** state protected rights, **SZITTAI** is entitled to punitive damages.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a.   Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the Florida Civil Rights Act of 1992;

b.   Issue an order prohibiting further discrimination;

c.   Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in *Fla. Stat.* §760.11;

d.   Award Plaintiff all compensatory and punitive damages provided for in *Fla. Stat.* §760.11;

e.   Award Plaintiff his costs, attorneys' fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper; and

f.   Grant Plaintiff trial by jury.

## COUNT VIII
### [Retaliation-FCRA]

97.    **SZITTAI** realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint as though fully set forth herein.

98.    This is an action against Defendant for retaliation based upon gender brought under the FCRA, §760.01 *et seq. Fla. Stat.*

99.    At all relevant times Defendant was an employer and a covered entity under the FCRA subject to its provisions.

100.    At all relevant times **SZITTAI** was an employee under the FCRA.

101.    **SZITTAI** engaged in protected activity when he complained about age-based discrimination.

102.    The actions complained of by **SZITTAI** affected terms, conditions, or privileges of his employment.

103.    Defendant's conduct and omissions constitute intentional retaliation against **SZITTAI** for his protected objection to gender discrimination in violation of §760.01 *et seq. Fla. Stat.*

104.    Defendant is liable for the differential treatment and retaliation against **SZITTAI** because it controlled the actions and inactions of the persons making decisions affecting **SZITTAI**.

105.    As a direct and proximate result of Defendant's conduct described above, **SZITTAI** has suffered compensatory damages, emotional distress, mental pain and suffering, inconvenience, outrage, embarrassment, humiliation, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.

106.   Because Defendant acted with malice and with reckless disregard for **SZITTAI's**

state protected rights, **SZITTAI** is entitled to punitive damages.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

    a.   Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the Florida Civil Rights Act of 1992;

    b.   Issue an order prohibiting further discrimination;

    c.   Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in *Fla. Stat.* §760.11;

    d.   Award Plaintiff all compensatory and punitive damages provided for in *Fla. Stat.* §760.11;

    e.   Award Plaintiff his costs, attorneys' fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper; and

    f.   Grant Plaintiff trial by jury.

**JURY TRIAL DEMAND**

Plaintiff, **MARK SZITTAI**, demands trial by jury as to all issues and Counts.

Dated July 29, 2020.

PHILLIPS LAW FIRM
Attorney for Plaintiff
350 Fifth Avenue South, Suite 200
Naples, Florida 34102
(239)  262-4180
(239)  262-7144 (facsimile)
E-mail:  DMP@PhillipsLawFL.com

By: _____
    Darrin M. Phillips, Esq.
    Bar Number:  0062332

Exhibit A



*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Ron DeSantis**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Latanya Peterson**
*Chair*
**Michelle Wilson**
*Executive Director*

FCHR No. 201921180
EEOC No. 15D202000134

Mark Szittai                                             **COMPLAINANT**

[REDACTED]

Centurylink                                             **RESPONDENT**
c/o Michael D. Spencer
Associate General Counsel

[REDACTED]

### DETERMINATION: REASONABLE CAUSE

Complainant filed a complaint of discrimination alleging that Respondent violated the Florida Civil Rights Act of 1992. The Florida Commission on Human Relations has completed its investigation of this matter.

Complainant is a male who was 60 years of age when he was last employed with Respondent as a Senior Account Manager. Complainant alleges Respondent subjected him to disparate treatment based on sex and age. Complainant also alleges Respondent retaliated against him by terminating his employment.

Complainant explained that Respondent, through Complainant's direct supervisor, gave preferential treatment to a female co-worker. The disparate treatment took the forms that include Respondent denying Complainant of sales leads that, instead, were awarded to the female co-employee and Respondent taking a customer away from Complainant and giving the customer to the female co-worker.

The claim of age-based disparate treatment must fail. There is insufficient evidence of Respondent giving a similarly situated person who was not of Complainant's age more favorable treatment. The claim of retaliation must also fail. There is insufficient evidence of Complainant having engaged in a protected activity.

The claim of sex-based disparate treatment stands. Complainant established: (1) that he belongs to a protected class; (2) that he is qualified for the position he held with Respondent; (3) that he

**COMMISSIONERS**

| **Dr. Donna Elam** | **Mario Garza** | **Al McCambry** | **Latanya Peterson**, *Chair* |
|---|---|---|---|
| *Port Richey* | *Lakewood Ranch* | *Lynn Haven* | *Fleming Island* |

| **Jay Pichard** | **Gilbert Singer** |
|---|---|
| *Tallahassee* | *Tampa* |

was subjected to an adverse employment action in the forms of being denied one or more sales leads and being denied the opportunity to sell to his established customer; and (4) that Respondent treated a similarly situated person outside Complainant's protected class more favorably. Respondent, in its position statement, did not address the issue of whether sales leads and customers were taken away from Complainant and then given to the female co-worker. The Commission requested Respondent provide affidavits from individuals who were responsible for the actions that led to the complaint. The Respondent did not provide the requested materials.

On the basis of the report from the Commission's Office of Employment Investigations and recommendation from the Commission's Office of General Counsel, pursuant to the authority delegated to me as Executive Director of the Florida Commission on Human Relations, I have determined that reasonable cause exists to believe that an unlawful practice occurred.


_____                    DATED: May 6, 2020          
Michelle Wilson
Executive Director





*State of Florida*
# Florida Commission on Human Relations
*An Equal Opportunity Employer • Affirmative Action Employer*

**Ron DeSantis**
*Governor*

4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Latanya Peterson**
*Chair*
**Michelle Wilson**
*Executive Director*

FCHR No. 201921180
EEOC No. 15D202000134

Mark Szittai                                             **COMPLAINANT**



Centurylink                                              **RESPONDENT**
c/o Michael D. Spencer
Associate General Counsel

## NOTICE OF DETERMINATION: REASONABLE CAUSE

The Florida Commission on Human Relations has determined that there is reasonable cause to believe that an unlawful practice occurred. A copy of the determination is attached.

Complainant may request an administrative hearing with the Division of Administrative Hearings by filing a Petition for Relief within 35 days of the date the determination was signed by the Executive Director. A blank Petition for Relief form is enclosed with Complainant's notice. It may be beneficial for Complainant to seek assistance from legal counsel prior to filing the petition. Alternatively, Complainant may file a civil action in a court of law within one year of the date the determination was signed by the Executive Director.

During the following 35 days, you are invited to participate in a conciliation session in order to reach a just resolution of this matter. A Commission mediator will be contacting the parties with additional details about our conciliation services.

Engaging in conciliation does not, however, extend the 35-day limitation period for filing a Petition for Relief. The determination of reasonable cause will become final if Complainant does not file a Petition for Relief within 35 days, and the Commission will dismiss the complaint.

The parties named in the determination may inspect the records and documents, in the custody of the Commission, which pertain to the determination. Please contact the Commission's Customer Service Office if you wish to request copies.

**COMMISSIONERS**

| Dr. Donna Elam | Mario Garza | Al McCambry | Latanya Peterson, *Chair* |
|---|---|---|---|
| *Port Richey* | *Lakewood Ranch* | *Lynn Haven* | *Fleming Island* |
| | Jay Pichard | Gilbert Singer | |
| | *Tallahassee* | *Tampa* | |

I HEREBY CERTIFY that a copy of the foregoing Notice of Determination was mailed to the above-named addressees this ____6th____ day of ____May____, 20_20_, by U.S. mail.

By: _____Tammy Barton_____
        Clerk of the Commission