UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK SZITTAI,

     Plaintiff,

v.                          Case No.:  2:20-cv-548-SPC-NPM

CENTURYTEL SERVICE GROUP,
LLC,

     Defendant.

_____/

**<u>ORDER</u>**[1]

     Before the Court is Defendant CenturyTel Service Group, LLC's Motion to Strike Jury Demand (Doc. 66).  Plaintiff Mark Szittai responded in opposition (Doc. 69).  The Court grants the Motion.

     Szittai sues for employment discrimination and retaliation under Title VII, FCRA, and ADEA.  In doing so, he demanded a jury trial.  But while employed by CenturyTel, Szittai signed a contract ("Contract").  The Contract included two provisions waiving the right to a jury trial.  So CenturyTel now moves to strike the jury demand.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The Seventh Amendment protects a fundamental right to jury trials. *Jacob v. City of New York*, 315 U.S. 752, 752-53 (1942). And if properly demanded, federal courts must provide that right. Fed. R. Civ. P. 38(a)-(b), 39(a). But a party may contractually waive its right to a jury. *See Brookhart v. Janis*, 384 U.S. 1, 4 (1966); *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995). When someone improperly demands a jury trial, the opposing party may move to strike. *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1090 (11th Cir. 2016).

Each relevant statutory scheme grants the right to a jury trial. 42 U.S.C. § 1981a(c)(1) (Title VII); Fla. Stat. § 760.07, 760.11(5) (FCRA); 29 U.S.C. § 626(c)(2) (ADEA). So the parties agree Szittai has a Seventh Amendment right unless waiver applies.

Waiver of the right to a jury trial must be "made knowingly, intentionally, and voluntarily." *Aponte v. Brown & Brown of Fla., Inc.*, 806 F. App'x 824, 827 (11th Cir. 2020) (citation omitted); *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823-24 (11th Cir. 2006); 9 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2321 (4th ed. Apr. 2022 update). That said, parties cannot back out of a contract simply because they didn't read it. *Coleman v. Prudential Bache Sec., Inc.*, 802 F.2d 1350, 1352 (11th Cir. 1986). Still, waiver of a jury right "is not to be lightly inferred." *Haynes v. W.C. Caye & Co.*, 52 F.3d 928, 930 (11th Cir. 1995). So

2

"courts must indulge every reasonable presumption against waiver." *Lawther*, 53 F.3d at 1240 (citation omitted).

To decide whether a waiver was knowing, intentional, and voluntary, "most federal courts will examine various factors." *E.g.*, 9 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2321 (4th ed. Apr. 2022 update). For instance, these facts may be relevant:

> (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel.

*Bray v. PNC Bank, N.A.*, 196 F. Supp. 3d 1282, 1286 (M.D. Fla. 2016) (citation omitted); *Bakrac*, 164 F. App'x at 823-24. "No single factor is conclusive." *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1294 (M.D. Fla. 2012). Nor are courts bound by mechanical factor counting. *Id.* Instead, the analysis looks at waiver "in light of all the circumstances." *Allyn v. W. United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004).

There is a circuit split on who bears the burden to show contractual waiver. *Husley v. West*, 966 F.2d 579, 581 (10th Cir. 1992). But the Court need not weigh in because even if CenturyTel bears the burden, it carried that yoke. *See Bakrac*, 164 F. App'x at 823 n.1 (refusing to settle split because answer was same regardless).

The relevant contract language follows:

> **4.2   Waiver of Right to Jury Trial.**   BOTH [CenturyTel] AND [Szittai] VOLUNTARILY, KNOWINGLY AND INTELLIGENTLY AGREE TO WAIVE THEIR RIGHT TO JURY TRIAL REGARDING ANY AND ALL CLAIMS OR CAUSES OF ACTION ARISING OUT OF OR RELATING TO [Szittai's] EMPLOYMENT WITH [CenturyTel].  This waiver includes, but is not limited to, claims or causes of actions relating to [Szittai's] hiring, employment, resignation, discharge, [or] termination . . . whether sounding in . . . statute, tort, . . . discrimination, common law or any other legal theory, claims under Title VII, . . . claims under the [ADEA], . . . [and] claims under any federal, state, or local law or regulation governing employment . . . . In the event of litigation, [the Contract] may be filed as a written consent to a trial by the court.

(Doc. 66-1 at 4).  But that's not all.  The Contract continued,

> **BY ACKNOWLEDGING [the Contract]:**
> . . .
> **I** [(Szittai)] **UNDERSTAND THAT, TO THE MAXIMUM EXTENT PERMITTED BY LAW, I AM GIVING UP THE RIGHT TO A TRIAL BY JURY, WHETHER BY TRIAL TO THE JUDGE OR BY ARBITRATION AND I AM BOUND TO THAT AGREEMENT**.

(Doc. 66-1 at 11-12).

From this language and the other circumstances, it is obvious Szittai voluntarily, knowingly, and intelligently waived his right to a jury trial.

First, the waivers were not buried in fine print.  The Contract repeatedly emphasized and highlighted them.

Second, the wording wasn't couched in legalese.  Instead, it was clear for anyone, especially someone like Szittai—a senior account manager responsible for building CenturyTel's market position by "strategic selling" services to multiple dwelling units, builders, and developers in a large geographic area. (Doc. 1 at 2-3).

Third, it is unlikely the Contract was negotiable, but Szittai could have refused to sign.  True, the Contract gave Szittai more sales commissions.  Yet he was free to leave CenturyTel or keep working there without signing (albeit for less money).

Fourth, CenturyTel had more bargaining power, yet not a disproportionate amount.  Again, Szittai might have refused to sign.  What's more, the jury waiver was a two-way provision—meaning CenturyTel waived its rights too.

And fifth, it doesn't seem Szittai had counsel before signing.  The Contract, however, gave him time to have a lawyer review it first.  (Doc. 66-1 at 12 ("**I AFFIRM THAT I WAS GIVEN AMPLE TIME TO REVIEW THE PLAN AND CONSULT WITH AN ATTORNEY IF I CHOSE TO DO SO**.")).

Weighing all that, the Court finds Szittai's waiver was knowing, intelligent, and voluntary.

Perhaps seeing the writing on the wall, Szittai does not challenge that conclusion much.  In fact, he basically concedes the plain language shows

waiver.  (Doc. 69 at 4 ("On its face, this section ostensibly supports Defendant's argument.")).  Still, Szittai claims there was no waiver based on such a contorted reading of the Contract that is barely worth addressing.

Of course, "a contract should be read to give effect to all its provisions and to render them consistent." *Internaves de Mex. s.a. de C.V. v. Andromeda S.S. Corp.*, 898 F.3d 1087, 1093 (11th Cir. 2018) (cleaned up).  When possible, the plain language controls to effect the parties' intent.  *Id.*  Sometimes a contract is ambiguous. *Dahl-Eimers v. Mut. of Omaha Life Ins.*, 986 F.2d 1379, 1381-82 (11th Cir. 1993) (citation omitted).

Ambiguity, however, must be "genuine" (i.e., real).  *Id.* at 1382; *Disa v. Ashley Furniture Indus., Inc.*, 131 F. Supp. 3d 1316, 1320 (M.D. Fla. 2015).  In other words, there must be some uncertainty creating multiple *reasonable* interpretations of the language.  *Dahl-Eimers*, 986 F.2d at 1382; *Begner v. United States*, 428 F.3d 998, 1005 (11th Cir. 2005).  But judges don't hunt through contracts for trivial errors to imagine ambiguity.  *Dahl-Eimers*, 986 F.2d at 1382 ("Courts may not rewrite contracts or add meaning to create an ambiguity.").  Put simply, if only one reasonable interpretation exists, that is the answer. *Begner*, 428 F.3d at 1005.

According to Szittai, the Contract is ambiguous.  He points to the Section containing one—of the two—jury waivers.[2]  That was Section "**4. DISPUTE RESOLUTION PROCESS**."  (Doc. 66-1 at 4).  An introductory paragraph states the parties "agree[d] to the Dispute Resolution Process set forth in paragraphs 4.1 and 4.5."  (Doc. 66-1 at 4).  Those identified Sections address Szittai's waiver of class or collective actions (4.1) and need to exhaust an internal dispute resolution procedure (4.5).  Because one jury waiver was in Section 4.2, Szittai contends he never agreed to waive his jury right except as to the actions identified in Sections 4.1 and 4.5.

As hinted, this argument borders on frivolous.  It is obvious the Contract should have read "paragraphs 4.1 *through* 4.5" because that section describes the entire dispute resolution process.  *See Internaves*, 898 F.3d at 1093 ("Finally, contracts must be interpreted with sensitivity to the reality that parties occasionally err or misprint in the course of contract drafting.").  To conclude otherwise would render Section 4.3 (governing arbitration) somehow not part of the dispute resolution process.  What's more, Szittai believes the introductory paragraph limits Section 4.2's application only to Sections 4.1 and

---

[2] The Court notes there were two jury waivers because the other one was enough on its own. It said quite plainly, "**I AM GIVING UP THE RIGHT TO A TRIAL BY JURY**."  (Doc. 66-1 at 11).  Without support, Szittai says this wasn't specific as to claims.  But the Contract must be read as a whole—not in isolation.  *Feaz v. Wells Fargo Bank, N.A.*, 745 F.3d 1098, 1104 (11th Cir. 2014).  Taking this waiver together with Section 4.2 clarifies Szittai's claims fall within the scope.

4.5.  Under Szittai's reading, he waived his jury right (1) if his class action waiver were unenforceable and (2) to exhaust CenturyTel's internal dispute resolution process.  Not only is that nonsensical, the plain language does not clarify why Section 4.2 would apply to Sections 4.1 or 4.5.  Instead, realizing Section 4.2 must mean something, Szittai adds words to restrict its application to two provisions where the waiver becomes meaningless.  *Cf. Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1242 (11th Cir. 2009) ("We must read the contract to give meaning to each and every word it contains, and we avoid treating a word as redundant or mere surplusage.").

But even leaving those problems aside, Szittai never tries to explain his implied point the Contract must expressly identify the jury waiver within its dispute resolution process.  Nor could he.  The jury waiver could be a standalone provision.  Put another way, if Section 4.2 were not part of the dispute resolution process, it was still a jury waiver Szittai agreed to.  Section 4's introductory paragraph does not change that.  Szittai agreed to "all parts" of the Contract—including Section 4.2.  (Doc. 66-1 at 12).  To read the dispute resolution process introductory paragraph as nullifying Section 4.2 would allow the general to eviscerate the specific.  That's usually an interpretive no-no.  *Goldberg v. Bear, Stearns & Co.*, 912 F.2d 1418, 1421 (11th Cir. 1990) ("When general propositions in a contract are qualified by the specific

provisions, the rule of construction is that the specific provisions in the agreement control.").

One last point. Szittai's argument about an ambiguous scope has no bearing here. If any ambiguity exists (which it doesn't), it would only be unclear whether he waived his jury right on compensation claims under the Contract. For Szittai's claims, Section 4.2 expressly includes them.

There is only one reasonable interpretation of the Contract: Szittai waived his Seventh Amendment right. So the Court strikes the jury demand.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Strike Jury Demand (Doc. 66) is **GRANTED**.

2. The Court **STRIKES** Plaintiff's demands for a jury trial in the Complaint (Doc. 1).

**DONE** and **ORDERED** in Fort Myers, Florida on June 8, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record